IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA CARTER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY NATIONAL BANK AND TRUST COMPANY OF LAWTON, OKLAHOMA, et al.,<br><br>Defendants. | Case No. CIV-21-29-PRW |

**ORDER**

Before the Court is Plaintiff Lisa Carter's Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. 34). Ms. Carter brought this action against Defendants, for herself and on behalf of other customers, in response to certain policies and practices relating to overdraft and non-sufficient funds ("NSF") fees. In June 2022, this Court ordered the case stayed for a period of ninety days to permit the parties to engage in mediation. (Dkt. 31). The parties did so, reaching a settlement in August 2022. Plaintiff filed the present Motion (Dkt. 34), seeking an order preliminarily approving the settlement, in November 2022.

Upon review of the Motion (Dkt. 34), the supporting documents and declarations thereto, and the Settlement Agreement and Release, the Court finds that the Settlement should be preliminarily approved. Plaintiff's counsel have shown that the Court will likely

1

be able to: "(i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."[1] Upon initial evaluation, it appears that the Settlement was fairly negotiated; that there remain serious questions of law and fact that leave the outcome of potential litigation in doubt; that the value of immediate recovery under the Settlement outweighs the possibility of future relief following protracted and expensive litigation; and that the experience of Plaintiff's counsel, as well as their judgment that the terms of the Settlement are fair and reasonable, are entitled to considerable weight.[2] In addition, the proposed settlement classes likely meet the prerequisites for certification.[3] Accordingly, preliminary approval and notice to the classes are appropriate. The Motion (Dkt. 34) is **GRANTED**. The Court orders as follows:

1. The defined terms in this Order shall have the same meaning given such terms in the Settlement Agreement.

2. The Court finds, on a preliminary basis, that the classes, as defined in the Settlement Agreement, meet all the requirements for certification of a settlement class under the Federal Rules of Civil Procedure and applicable case law. Accordingly, the Court provisionally certifies the following two settlement classes composed of the following class members:

---

[1] Fed. R. Civ. P. 23(e)(1)(B).

[2] Fed. R. Civ. P. 23(e)(2); *see Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188–89 (10th Cir. 2002); *Fager v. CenturyLink Commc'ns, LLC*, 854 F.3d 1167, 1176–77 (10th Cir. 2016).

[3] Fed. R. Civ. P. 23(a) (the prerequisites are numerosity, commonality, typicality, and adequacy).

> **Regulation E Settlement Class** – all customers of Defendant who have or had accounts with Defendant from January 14, 2020 through the date of this preliminary approval Order, and who were assessed an overdraft fee on a one-time debit card or ATM transaction.
>
> **Repeat Fee Settlement Class** – all customers of Defendant who have or had accounts with Defendant who incurred more than one NSF fee or an NSF fee followed by an overdraft fee for the same item during the period beginning January 14, 2016 and ending on the date of this preliminary approval Order.

3. The Court provisionally appoints Lisa Carter as the Class Representative of the Settlement Classes.

4. Plaintiff has requested bids for administration services for this case from KCC Class Action Services LLC ("KCC") and Epiq Class Action & Claim Solutions, Inc. ("Epiq"). The Court appoints the lowest bidder between KCC and Epiq as the Claims Administrator under the terms of the Settlement Agreement.

5. For purposes of the Settlement Agreement, the Court further provisionally finds that counsel for the Settlement Classes, Richard D. McCune and Emily J. Kirk of McCune Law Group, APC and Barrett T. Bowers of The Bowers Law Firm, are qualified, experienced, and skilled attorneys capable of adequately representing the Settlement Classes, and they are provisionally approved as Class Counsel.

6. The certification of preliminary Settlement Classes under this Order is for settlement purposes only, and shall not constitute, nor be construed as, an admission on the part of Defendant in this action that any other proposed or certified class action is appropriate for class treatment pursuant to the Federal Rules of Civil Procedure or any similar statute, rule, or common law. The entry of this Order is without prejudice to Defendant's right to oppose class certification in this action, should the settlement not be

approved or not be implemented for any reason, or to terminate the Settlement Agreement, as provided therein.

7. The Court provisionally, and solely for purposes of this settlement, finds that the members of the classes are so numerous that joinder of all members would be impracticable, that the litigation and proposed settlement raise issues of law and fact common to the claims of the class members, and these common issues predominate over any issues affecting only individual members of the Settlement Classes, that the claims of Lisa Carter (the "Named Plaintiff") are typical of the claims of the Settlement Classes, that in prosecuting this action and negotiating and entering into the Settlement Agreement, the Named Plaintiff and her counsel have fairly and adequately protected the interests of the members of the Settlement Classes and will adequately represent the Settlement Classes in connection with the settlement, and that a class action is superior to other methods available for adjudicating the controversy.

8. The Court has reviewed the Settlement Agreement and the attached Notice of Pending Class Action and Proposed Settlement ("Notice") (Exhibits 1–3 to the Settlement Agreement) and finds that the settlement memorialized therein is fair and falls within the range of reasonableness and potential for final approval, thereby meeting the requirements for preliminary approval, and that the Notice should go out to the Settlement Classes in the manner described in the Settlement Agreement. The settlement appears to be reasonable considering the risk inherent in continuing with litigation. The Court also notes that the settlement is non-reversionary—no money will be returned to Defendant other than for certain class members to pay debt previously owed to Defendant. The Court

also notes that the settlement was the product of non-collusive, arms-length negotiation involving experienced counsel.

9.  The Court finds that the method of providing notice prescribed in the Settlement Agreement meets the requirements of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, shall constitute due and sufficient notice to all persons entitled thereto, and complies with the requirements of the Constitution of the United States, and all other applicable laws.

10. For the purposes stated and defined in the Settlement Agreement, the Court hereby sets the following deadlines:

| Event | Deadline |
| --- | --- |
| Claims Administrator Sends Notice and Website Goes Live | Twenty Days After This Order |
| Last Day to Opt Out | Thirty Days After Claims Administrator Sends Notice |
| Motion for Final Approval and Attorneys' Fees Filed with the Court | Forty Days After Claims Administrator Sends Notice |
| Last Day to Object | Fifteen Days After Motion for Final Approval and Attorneys' Fees is Filed with the Court |
| Last Day to File Response to Objections | At Least Seven Days Prior to the Final Approval Hearing |
| Class Counsel's and Defendants' Replies in Support of Motion for Final Approval and Attorney's Fees | At Least Seven Days Prior to the Final Approval Hearing |
| Final Approval Hearing | To Be Set |
| Filing by Claims Administrator of Final Report | Thirty Days After Time to Cash Checks has Expired |

If one of the above deadlines falls on a holiday or weekend, the deadline will move to the next business day. The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further written notice to the Settlement Class.

11. The Court hereby approves and adopts the procedures, deadlines, and manner governing all requests to be excluded from the Settlement Classes, or for objecting to the proposed settlement, as provided for in the Settlement Agreement.

12. All costs incurred in connection with providing notice and settlement administration services to the class members shall be paid from the Settlement Fund.

13. If the settlement is not approved or consummated for any reason, the Settlement Agreement and all proceedings in connection therewith shall terminate without prejudice to the status quo ante and rights of the parties to the action as they existed prior to the date of the execution of the Settlement Agreement, except as otherwise provided in the Settlement Agreement.

14. Given the Court's ruling on this Motion, the parties' pending Joint Motion for Hearing (Dkt. 35) is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 5th day of September 2023.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE