IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA CARTER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY NATIONAL BANK AND TRUST COMPANY OF LAWTON, OKLAHOMA, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-21-29-PRW<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Before the Court is Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (Dkt. 38). The parties appeared before the Court on January 18, 2024, for a final fairness hearing. Having considered the Motion and all supporting documents thereto (Dkt. 38), the Settlement Agreement and Release ("Settlement Agreement"), and the parties' statements at the fairness hearing, the Court **ORDERS** as follows:

1. The terms in this order shall have the same meaning as defined in the Settlement Agreement.

2. The Court finds that the classes, as defined in the Settlement Agreement, meet all the requirements for certification of a settlement class under the Federal Rules of Civil Procedure and applicable case law. Accordingly, the court certifies the following two settlement classes, composed of the following class members:

1

**Regulation E Settlement Class** - all customers of Defendant who have or had accounts with Defendant from January 14, 2020 through September 5, 2023, and who were assessed an overdraft fee on a one-time debit card or ATM transaction.

**Repeat Fee Settlement Class** - all customers of Defendant who have or had accounts with Defendant who incurred more than one non-sufficient funds ("NSF") fee or an NSF fee followed by an overdraft fee for the same item during the period beginning January 14, 2016 and ending on September 5, 2023.

3. The Court appoints Plaintiff Lisa Carter as the Class Representative of the two Settlement Classes.

4. The Court further finds that counsel for the settlement classes, Richard D. McCune and Emily J. Kirk of McCune Law Group, APC and Barrett T. Bowers of The Bowers Law Firm are qualified, experienced, and skilled attorneys capable of adequately representing the settlement classes, and they are approved as Class Counsel.

5. The certification of settlement classes, under this order, is for settlement purposes only and shall not constitute, nor be construed as, an admission of liability on the part of Defendant, nor is it an admission that certification of a class in this litigation is appropriate under the Federal Rules of Civil Procedure or any similar statute, rule, or common law should the settlement not be consummated.

6. For purposes of this settlement, the Court finds that the members of the classes are so numerous that joinder of all members would be impracticable, that the litigation and proposed settlement raise issues of law and fact common to the claims of the class members, and these common issues predominate over any issues affecting only individual members of the settlement classes, that the claims of Lisa Carter (the "Named Plaintiff") are typical of the claims of the settlement classes, that in prosecuting this action

and negotiating and entering into the Settlement Agreement, the Named Plaintiff and her counsel have fairly and adequately protected the interests of the members of the settlement classes and will adequately represent the settlement classes in connection with the settlement, and that a class action is superior to other methods available for adjudicating the controversy.

7. The Court has reviewed the Settlement Agreement and the attached Notice of Pending Class Action and Proposed Settlement ("Notice") (Exhibits 1 and 2 to the Settlement Agreement) and finds that the settlement memorialized therein is fair and falls within the range of reasonableness and potential for final approval. The settlement appears to be reasonable considering the risk inherent in continuing with litigation. The Court also notes that the settlement is a non-reversionary one where no money will be returned to Defendant, other than to pay debt owed by class members. The Court also notes that the settlement was the product of non-collusive, arm's length negotiation involving experienced counsel.

8. The Court appoints Simpluris as the Claims Administrator under the terms of the Settlement Agreement.

9. The Court finds that the method of providing notice prescribed in the Settlement Agreement, and as carried out by Simpluris, meets the requirements of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, shall constitute due and sufficient notice to all persons entitled thereto, and complies with the requirements of the Constitution of the United States, and all other applicable laws.

10. All costs incurred in providing notice and settlement/claims administration services to the class members shall be paid from the Settlement Fund as set forth in the Settlement Agreement. The Court approves the request to pay Simpluris a maximum of $107,000 from the Settlement Fund as reimbursement for its work associated in providing settlement claims administration services in this case. To the extent the total amount of $107,000 is not used, the remainder shall be returned to the Settlement Fund.

11. The requested attorney's fees of $500,000 (one-third of the Value of the Settlement) are reasonable and shall be paid to Class Counsel from the Settlement Fund as set forth in the Settlement Agreement.

12. Costs incurred by Class Counsel are reasonable and shall be paid from the Settlement Fund as set forth in the Settlement Agreement. The Court approves reimbursement of costs to a maximum amount of $55,000. To the extent the total amount of $55,000 is not used, the remainder shall be returned to the Settlement Fund.

13. The Court awards Plaintiff Lisa Carter a service award in the amount of $10,000 for her substantial and pro-active role in this litigation, which shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

14. The Court appoints the Lawton Public School Foundation as the *cy pres* recipient per the terms of the Settlement Agreement. All *cy pres* funds shall be spent on or earmarked for Lawton Public Schools financial literacy grants or programs.

15. If the settlement is not consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection therewith shall terminate without prejudice to the status quo ante and rights of the parties to the action as they existed prior

to the date of the execution of the Settlement Agreement, except as otherwise provided in the Settlement Agreement.

**IT IS SO ORDERED** this 22nd day of January 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE